IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

**ELIZABETH ESCOBEDO, Individually and**     **PLAINTIFF**
**on Behalf of all Others Similarly Situated**

vs.     No. 4:22-cv-538

**ACE GATHERING, INC.**     **DEFENDANT**

### ORIGINAL COMPLAINT—COLLECTIVE ACTION

Plaintiff Elizabeth Escobedo ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her attorneys Merideth Q. McEntire and Josh Sanford of Sanford Law Firm, PLLC, for her Original Complaint—Collective Action against Defendant Ace Gathering, Inc. ("Defendant"), states and alleges as follows:

### I. PRELIMINARY STATEMENTS

1. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest and costs, including reasonable attorneys' fees as a result of Defendants' failure to pay Plaintiff and other similarly situated employees lawful overtime compensation for hours worked in excess of forty hours per week.

2. Upon information and belief, during the time period relevant to this Complaint, Defendants have willfully and intentionally committed violations of the FLSA as described, *infra*.

## II.   JURISDICTION AND VENUE

3. The United States District Court for the Southern District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. Defendant is headquartered in Katy. Therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III.   THE PARTIES

5. Plaintiff is an individual and resident of Medina County.

6. Defendant is domestic, for-profit company.

7. Defendant's registered agent for service of process is C T Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

8. Defendant, in the course of business, maintains a website at https://www.aceenergysolutions.com/home-page.

## IV.   FACTUAL ALLEGATIONS

9. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

10. Defendant's primary business involves purchasing and delivering crude oil.

11. Defendants acted jointly as the employer of Plaintiff and the proposed collective and have been engaged in interstate commerce as that term is defined under the FLSA.

12. During each of the three years preceding the filing of this Complaint, Defendant employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling,

or otherwise working on goods or materials that had been moved in or produced for commerce by any person, such as vehicles and fuel.

13. Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of exercise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

14. Plaintiff was employed by Defendants as a Crude Hauler from December of 2018 until January of 2022.

15. Within the time period relevant to this case, Defendant also employed other Crude Haulers.

16. At all relevant times herein, Defendant directly hired Crude Haulers to work at its facilities and job sites, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

17. Plaintiff was classified by Defendant as exempt from the overtime requirements of the FLSA and paid a salary.

18. Other Crude Haulers were also classified as exempt from the overtime requirements of the FLSA and paid a salary.

19. As a Crude Hauler, Plaintiff was primarily responsible for transporting crude oil.

20. Other Crude Haulers had the same or similar job duties as Plaintiff.

21. At all times material herein, Plaintiff and other Crude Haulers have been entitled to the rights, protection and benefits provided under the FLSA.

22. Plaintiff regularly worked in excess of forty hours per week throughout her tenure with Defendant.

23. Other Crude Haulers regularly or occasionally worked in excess of forty hours per week throughout their tenure with Defendant.

24. Defendant did not pay Plaintiff and other salaried Crude Haulers 1.5 times their regular hourly rate for hours worked over 40 each week.

25. Plaintiff and other Crude Haulers never agreed that their salary would be sufficient to cover all hours worked.

26. In performing their services for Defendants, Plaintiff and other Crude Haulers were not required to utilize any professional education relevant to their job duties.

27. Plaintiff and other Crude Haulers were classic blue-collar workers, spending physical, demanding, long shifts working on and with machinery, and not in an office.

28. During the course of their employment, Plaintiff and other Crude Haulers did not manage the enterprise or a customarily recognized subdivision of the enterprise.

29. Plaintiff and other Crude Haulers did not select any employees for hire or fire, nor did they provide any training for any employee.

30. Plaintiff and other Crude Haulers did not have any control of or authority over any employee's rate of pay or working hours.

31. Plaintiff and other Crude Haulers did not maintain or prepare production reports or sales records for use in supervision or control of the business.

32. Similarly, Plaintiff and other Crude Haulers did not have any responsibility for planning or controlling budgets.

33. The duties of Plaintiff and other Crude Haulers were rote and routine, and they sought input from supervisors when their duties were not rote or routine.

34. In carrying out their duties, Plaintiff and other Crude Haulers followed the processes put in place by Defendant and others.

35. In the course of her duties, Plaintiff did not leave the state of Texas.

36. Upon information and belief, other Crude Haulers also performed their duties within the state of Texas and did not enter other states.

37. Upon information and belief, Defendant's pay practices were the same at all locations.

38. Defendant assigned Plaintiff and other Crude Haulers so much work that they were unable to complete the assigned work in less than 40 hours per week.

39. Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiff and other Crude Haulers violated the FLSA.

## V.    REPRESENTATIVE ACTION ALLEGATIONS

40. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

41. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated who were, are, or will be employed by Defendant within the relevant time period, who are entitled to payment of the following types of damages:

A.    Overtime wages for all hours worked over forty hours in any week;

B.    Liquidated damages; and

C.    Attorney's fees and costs.

42. Plaintiff proposes the following collective under the FLSA:

**All salaried Crude Haulers within the past three years.**

43. In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

44. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

45. The members of the proposed FLSA collective are similarly situated in that they share these traits:

A. They were classified by Defendant as salaried employees, exempt from the overtime requirements of the FLSA;

B. They were subject to Defendant's common policy and practice of failing to pay them an overtime premium for hours worked over forty in a week;

C. They regularly worked over forty hours in a week; and

D. They had the same or substantially similar job duties and responsibilities.

46. Plaintiff is unable to state the exact number of the collective but believe that the collective exceeds fifty persons.

47. Defendant can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendant.

48. The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant.

49. The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant.

## VI.     FIRST CLAIM FOR RELIEF
**(Individual Claim for Violation of FLSA)**

50. Plaintiff repeats and realleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

51. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5 times regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

52. Defendant misclassified Plaintiff as exempt from the overtime requirements of the FLSA.

53. Defendant deprived Plaintiff of overtime compensation for all of the hours worked over forty per week in violation of the FLSA.

54. Defendant's conduct and practice, as described above, is and has been at all times relevant hereto, willful, intentional, unreasonable, arbitrary and in bad faith.

55. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning in January of 2020, plus periods of equitable tolling.

56. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII. SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of FLSA)

57. Plaintiff repeats and realleges all the preceding paragraphs of the Original Complaint above, as if fully set forth herein.

58. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5 times regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

59. Defendant misclassified Plaintiff and similarly situated employees as exempt from the overtime requirements of the FLSA.

60. Defendant required Plaintiff and similarly situated employees to work in excess of forty hours each week but failed to pay Plaintiff and the similarly situated employees overtime compensation for all of the hours in excess of forty in each workweek.

61. Defendant deprived Plaintiff and other similarly situated employees overtime compensation for all of the hours worked over forty per week in violation of the FLSA.

62. Defendant's conduct and practice, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

63. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA.

64. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and similarly situated employees as provided by the FLSA, Plaintiff and similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Elizabeth Escobedo, individually and on behalf of all others similarly situated, respectfully prays for relief and damages as follows:

A. That Defendant be summoned to appear and answer herein;

B. That Defendant be required to account to Plaintiff, the collective members, and the Court for all of the hours worked by Plaintiff and the collective members and all monies paid to them;

C. A declaratory judgment that Defendant's practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

D. Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

E. Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

F.  Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff and members of the collective during the applicable statutory period;

G.  An order directing Defendant to pay Plaintiff and members of the collective prejudgment interest, reasonable attorney's fees and all costs connected with this action; and

H.  Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**ELIZABETH ESOCBEDO, Individually and on behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Merideth Q. McEntire*
Merideth Q. McEntire
Tex. Bar No. 24105123
merideth@sanfordlawfirm.com

*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com