United States District Court
Southern District of Texas
**ENTERED**
August 25, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ELIZABETH ESCOBEDO, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-22-538 |
| | § | |
| ACE GATHERING, INC., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

Elizabeth Escobedo seeks to certify a collective action under the Fair Labor Standards Act to recover unpaid overtime wages from her former employer, Ace Gathering. (Docket Entry Nos. 29, 30). Escobedo transported crude oil for Ace. Ace moved for summary judgment, arguing that it is exempt from overtime pay under the Motor Carrier Act. (Docket Entry No. 26).

The court denied the motion for summary judgment. (Docket Entry No. 33). The court held that the Motor Carrier Act exemption did not apply because: (1) the transportation of crude oil did not have a substantial impact on interstate commerce given the facts of this case; (2) Ace had no vested interest in the crude oil crossing state lines; and (3) whether the drivers expected to cross state lines was a disputed material fact. (Docket Entry No. 33).

Ace has asked the court to either reconsider its prior order or to certify an interlocutory appeal under 28 U.S.C. § 1292(b). (Docket Entry No. 37). A party is generally "entitled to a single appeal, to be deferred until final judgment has been entered." *Digital Equipment Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 868 (1994); *see also Henry v. Lake Charles Am. Press, LLC*, 566 F.3d 164, 171 (5th Cir. 2009) (noting that "as a general rule, parties must litigate all issues in

the trial court before appealing any one issue"). Under 28 U.S.C. § 1292(b), a district court judge may certify an order for interlocutory appeal if three conditions are met: the order (1) "involves a controlling question of law"; (2) "there is substantial ground for difference of opinion" on the question; and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." A district court judge certifying an order for interlocutory appeal must articulate, in writing, why the order satisfies each of these criteria. *See Linton v. Shell Oil Co.*, 563 F.3d 556, 557–58 (5th Cir. 2009). "District courts have unfettered discretion to deny certification, even when all [statutory criteria] are satisfied." *Nieman v. City of Dallas*, No. 3:14-CV-3897, 2016 WL 470235, *3 (N.D. Tex. Feb. 8, 2016).

The court grants the motion for interlocutory appeal. The court certifies three controlling questions of law for interlocutory appeal:

(1) Does the transportation of crude oil, in and of itself, have a substantial impact on interstate commerce for the purposes of the Motor Carrier Act exemption?

(2) Does the "vested interest" test apply to crude oil transportation? If so, whose interests may the court consider?

(3) Does a volunteer-based interstate driving system create a reasonable expectation of interstate travel?

These are questions of law involving the interpretation of a statutory scheme. The Fifth Circuit has previously held that questions "'involving application of the [Motor Carrier Act exemption], involve controlling questions of law as to which there is substantial ground for difference of opinion,' and that 'an immediate appeal from those rulings is likely to materially advance the ultimate termination of this litigation.'" *Allen v. Coil Tubing Servs., L.L.C.*, 755 F.3d 279, 282 (5th Cir. 2014)

The court has determined that these questions involve a substantial ground for difference of opinion over which "fair-minded jurists might reach contradictory conclusions*.*" *See Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011). The motion for reconsideration presents substantial reasons for a difference of opinion. And appealing these questions could materially advance the ultimate termination of the litigation. Answering a question materially advances the termination of the litigation "if reversal of the district court's opinion would result in dismissal of the action." *Ryan*, 444 F. Supp. 2d at 723 (quoting *Strougo v. Scudder, Stevens & Clark, Inc.*, No. 96-CV-2136, 1997 WL 473566, at *7 (S.D.N.Y. Aug. 18, 1997)). If reversed on any of the above questions, Ace would be entitled to summary judgment.

The motion to certify an interlocutory appeal, (Docket Entry No. 37), is granted. The case is stayed and administratively closed pending the outcome on appeal.

SIGNED on August 25, 2023, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge